1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                                  **DISTRICT OF NEVADA**

9

10   WILLIAM MCKINNEY,

11        Plaintiff,                                      Case No. 2:12-CV-00401-KJD-GWF

12   v.                                                   **ORDER**

13   ROMEO ARANAS, *et al*.,

14        Defendants.

15

16        Before the Court is William McKinney's ("Plaintiff") Request for Enlargement of Time

17   (#43). Federal Rule of Civil Procedure 6(b) permits the Court to extend time after the time has

18   expired if the failure is due to excusable neglect. Defendant has replied (#44).

19        The Court notes that Plaintiff is *pro se*, meaning that his submissions to the Court are "to be

20   liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than

21   formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and

22   internal quotation omitted). However, "*pro se* litigants are not excused from following court rules[.]"

23   Briones, 116 F.3d at 382; see also Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d

24   1104, 1107 (9th Cir. 2000) (stating that a pro se litigant is "not excused from knowing the most basic

25   pleading requirements.").

26

1    In this Circuit, excusable neglect under Rule 6(b) is analyzed via the factors set forth in

2    Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). Briones v.

3    Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). "Congress plainly contemplated that the

4    courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake,

5    or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer, 507

6    U.S. at 388. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not

7    usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a

8    somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond

9    the control of the movant." Id. at 392. Beyond some manifestation of negligence (and not merely

10   non-action), the failure must be excusable. Id. at 394-95. Whether the failure is excusable is "at

11   bottom an equitable [determination], taking account of all relevant circumstances surrounding the

12   party's omission." Id. at 395. "These include . . . the danger of prejudice . . ., the length of the delay

13   and its potential impact on judicial proceedings, the reason for the delay, including whether it was

14   within the reasonable control of the movant, and whether the movant acted in good faith." Id. at  395.

15       Plaintiff alleges the following reasons for failing to file his oppositions in a timely manner:

16   ●    Plaintiff was recently transferred to a different facility, and alleges that some of his "legal

17        papers, including the motion for an extension of time, were lost." (#43; 2:1-10).

18   ●    Plaintiff is permitted two hours per week in the law library at the new facility, and alleges that

19        he has had only two hours in the library since November 13. (#43; 2:11-15).

20   ●    Plaintiff has been unable to purchase carbon copy paper or use the copy machine. (#43; 2:16-

21        20).

22   ●    Medical problems have prevented him from writing "logical sentences." (#43; 3:16-23).

23   ●    Prison officials have obstructed his access to the law library, refused to sign outgoing mail,

24        and harassed and threatened the Plaintiff. (#43; 4:3-16).

25       Here, there appears to be no danger of prejudice, nor is an extension likely to have any

26   substantive impact on judicial proceedings. Without making any determination as to the alleged

2

1 | facts, they appear to be beyond the reasonable control of the movant and are not denied by

2 | Defendants. Accordingly, the Court **HEREBY GRANTS** Plaintiff's Request for Extension of Time

3 | (#43). Plaintiff's responses to Defendants' motions #32, #36, and #37 are due on or before January

4 | 31, 2014.

5 |     DATED this 7th day of January 2014.

6 |

7 |

8 | _____
   | Kent J. Dawson

9 | United States District Judge

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

3