**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WILLIAM MCKINNEY, | Case No. 2:12-CV-401-KJD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff William McKinney's Motion to Strike Reply to Response (#55). Also before the Court is Defendants Romeo Arana *et al.*'s Motion to Strike Motion to Strike Reply to Response (#56). To be clear, Defendants' Motion to Strike seeks to strike Plaintiff's Motion to Strike.

Additionally, Defendants have correctly acknowledged that their Motion to Strike Response (#49) is moot (#56). Accordingly, the Court **DENIES** the Motion to Strike Response (#49) as moot.

I. The Pro Se Standard

The Court notes that Defendant is pro se, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). Accordingly, the Court will liberally construe Plaintiff's motion. "[H]owever, a *pro se* litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Further, he "must meet some minimum threshold in providing a defendant with

notice of what it is that it allegedly did wrong." <u>Brazil v. U.S. Dep't of Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995).

I. Analysis

Plaintiff seeks to strike Defendants' Reply to Response (#54) regarding Defendants' Motion to Dismiss (#32) for the following reasons, addressed in turn.

First, because the original Motion to Dismiss (#32) did not include a statement of material facts not in dispute, and Defendants are therefore seeking to "cover up" the failure to file a proper motion. Having glanced at the original Motion to Dismiss (#32), the statement of Material Facts Not Genuinely In Issue begins on page three (3). Accordingly, Plaintiff's argument on this ground is simply false.

Second, because "Plaintiff is confused" and asserts that "Defendants appear to be replying to their own Motion(s)." The Court agrees that Plaintiff is confused, as all motions properly consist of a motion, a response by the opposing party, and then a reply by the party that filed the original motion. No relief is warranted on this ground. Additionally, Plaintiff explains that he is concerned about having sufficient time to oppose the reply. Such an opposition would be procedurally improper and stricken by the Court.

Third, Plaintiff alleges that the reply should be stricken as it contains "insufficient defenses, redundant matter, immaterial matter, impertinent matter, and scandalous matter." No further facts are asserted, nor is any law cited. Such wholly conclusory assertions utterly fail to provide a basis for Plaintiff's motion to strike. No relief is warranted on this ground.

Defendants assert that Plaintiff's Motion amounts to an impermissible surreply, seeking to bolster the response already filed by Plaintiff. The Court will not consider allegations in the Motion to Strike when deciding the remaining pending motions in this case.

III. Conclusion

For the above reasons:

Defendants' Motion to Strike (#49) is **HEREBY DENIED** as moot;

Plaintiff's Motion to Strike (#55) is **HEREBY DENIED** as lacking merit;

Defendants' Motion to Strike (#56) is **HEREBY DENIED** as moot, given that the Motion to be stricken has been Denied.

Lastly, the Court reminds the parties that in pursuit of justice, the Court has been both generous and patient. However, misleading the Court or seeking to manipulate these proceedings in any way are grounds for severe sanctions. The parties are strongly encouraged to be candid, forthright, and timely in all future matters.

DATED this 6th day of May 2014.

_____
Kent J. Dawson
United States District Judge