# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM MCKINNEY,

    Plaintiff,

v.

ROMEO ARANAS, *et al.*,

    Defendants.

Case No. 2:12-CV-00401-KJD-GWF

**ORDER**

Before the Court is Romeo Aranas, *et al.*'s, ("Defendants") Motion for Leave to File Documents Under Seal (#37).

I. Background

Plaintiff, an inmate in the custody of the Nevada Department of Corrections, brought suit under 42 U.S.C. §1983. Plaintiff's allegations in part concern his medical conditions and the care which has and has not been provided to him (#7). Defendants filed a Motion to Dismiss (#36), attaching various medical records pertaining to Plaintiff's care in support of the motion. Simultaneously, Defendants filed a Motion to Seal those medical records as to the public and to determine Defendants' right to restrict Plaintiff's access to those records (#37). The Motion to Seal (#37) is presently before the Court.

II. Sealing the Records

At issue here is the common law right of access, which grants the public a right to inspect and copy, among other documents, judicial records. In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). In the Ninth Circuit, our analysis begins "with a strong presumption in favor

of access to court records."[1] In re Midland, 686 F.3d at 1119 (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." In re Midland, 686 F.3d at 1119 (quoting Foltz, 331 F.3d at 1135).

In deciding a motion to seal, the court "must balance the competing interests of the public and the party seeking to seal judicial records." In re Midland, 686 F.3d at 1119 (citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, [and so on.]" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation omitted). Further, the court "must articulate a factual basis for each compelling reason to seal." In re Midland, 686 F.3d at 1119 (citing Kamakana, 447 F.3d at 1179).

The Court acknowledges that, generally speaking, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." Procunier v. Martinez, 416 U.S. 396, 405 (1974). However, this petition only indirectly impacts these "urgent problems." Rather, the questions before the Court are squarely within the expertise of the Court: 1) are there sufficiently compelling reasons to seal the public record, and 2) is restricting a plaintiff's access to documents which form the basis of a defendant's dispositive motion permissible?

Here, the Court finds that protecting Plaintiff's medical privacy is a compelling reason to seal the records. This conclusion is bolstered by Defendants' assertions that dissemination of Plaintiff's records poses a threat to Plaintiff's well-being and increases the ability of other inmates to target

---

[1] The Court acknowledges an exception to this presumption exists for "records filed under seal when attached to a *non-dispositive* motion." In re Midland, 686 F.3d at 1119 (quoting Foltz, 331 F.3d at 1135). In such cases, a Rule 26(c) "good cause" showing is sufficient to justify sealing the records. In re Midland, 686 F.3d at 1119 (citing Foltz, 331 F.3d at 1135). However, as the motion now before the Court accompanies a motion to dismiss, the exception does not apply.

him. The Supreme Court has noted that "prison security is a compelling state interest, and that deference is due to institutional officials' expertise in this area." Cutter v. Wilkinson, 544 U.S. 709, 729 n.13 (2005). Accordingly, the Court defers to Defendants' assertions of danger.

III. Restricting Plaintiff's Access to His Medical Records

At noted by the Supreme Court, "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Further, that access must be "adequate, effective, and meaningful." Id. at 822. Defendants here seek to prohibit Plaintiff from seeking personal possession of his medical records, which form the basis for Defendants' dispositive motion. Defendants seek to do so via Administrative Regulations 639.02 and 639.03. These regulations detail who may handle medical records, what redactions will be made to the medical records prior to review, that inmates must seek permission in order to review their medical records, and that inmates may not possess copies of their medical records.

A prisoner's constitutional rights may permissibly be impinged if the regulation is "reasonable" as determined under the four-factor standard articulated in Turner v. Safley, 482 U.S. 89-90 (1987). First, whether there is a valid, rational link between the regulation and the governmental interest offered to justify the regulation. Id. at 89. Second, whether the regulation leaves alternative means of exercising the right open to inmates. Id. at 90. Third, any "ripple effect" accommodation will have on guards and other inmates, and on the allocation of prison resources generally. Id. at 90. Fourth, the existence or absence of ready alternatives. Id. at 90-91. This analysis "applies equally to facial and 'as applied' challenges." Bahrampour v. Lampert, 356 F.3d 969, 975 (9th Cir. 2004).[2]

---

[2]The Court notes that Plaintiff has not challenged the prison regulation either facially or as it applies to him. However, Defendants have raised the issue of prohibiting Plaintiff from possessing his own medical records and provided their most detailed and cogent arguments on this point. Accordingly, the Court construes the petition as one for declaratory relief under 28 U.S.C. § 2201. Prior to exercising its discretion to issue a declaratory judgment, the Court must determine whether this is a case or controversy within the meaning of Article III of the Constitution, and also whether the Court finds it prudent to issue declaratory relief in the matter. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998). Both requirements are met here.

Turning to the first factor, the regulation of medical records appears to be justified by the dangers Defendants' declare are inherent when medical records are not strictly regulated. These dangers include providing other inmates leverage and motivation to harm Plaintiff.

Turning to the second factor, Plaintiff has alternative means of reviewing the records. Specifically, Plaintiff can comply with the regulations presently in place which govern the method, timing, and other administrative matters regarding the review of medical records.

Turning to the third factor, Plaintiff has not asserted a need for accommodation, but allowing Plaintiff access to his records may entail substantial "ripple effects," as Plaintiff will be placed in increased danger of being targeted and increased prison resources will be needed to protect Plaintiff, provide secure access to records, or both.

Turning to the fourth factor, the Court acknowledges that other options impose costs of varying size and duration, impeding an "easy" alternative.

In summary, Defendants adequately support their argument for impinging on Plaintiff's right to possess a copy of his medical records.

IV. Conclusion

For the above reasons, Defendants' Motion for Leave to File Documents Under Seal (#37) is **GRANTED**. Further, Plaintiff is not entitled to possess a copy of his medical records for the reasons stated above.

DATED this 7th day of May 2014.

_____
Kent J. Dawson
United States District Judge