**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WILLIAM MCKINNEY, | Case No. 2:12-CV-401-KJD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

Before the Court is the Motion for Reconsideration filed by Linda Adams ("Defendant") (#60). This Court's prior Order (#59) granted judgment for all Defendants and on all claims except for a single claim against Defendant Adams. Summary judgment was not rendered for Defendant because she "ha[d] not provided sufficient evidence to resolve the dispute" regarding whether she had acted with deliberate indifference to a serious medical need (#59 at 13). Plaintiff has failed to respond beyond his response to the original motion for summary judgment (#48).

I. Reconsideration

A district court should not grant a motion for reconsideration "absent highly unusual circumstances," meaning unless the court is (1) "presented with newly discovered evidence", (2) "committed clear error," or (3) "if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enter., 229 F.3d at 890 (emphasis in original).

None of these unusual circumstances are before the Court, making Defendant's petition procedurally improper. However, the Court will construe the motion as a renewed motion for summary judgment.

II. Underlying Facts

The only relevant facts here concern the date Plaintiff filed grievance #2006291178 regarding a fatty benign cyst. It is undisputed that treatment was provided on January 18, 2011. Plaintiff asserts that the grievance was filed in January of 2010. Defendant maintains that the grievance was filed in January of 2011. The only evidence proffered by Plaintiff is his self-dated grievance form, giving the year as 2010. It is undisputed that Defendant timely responded to grievances dealing with this same cyst throughout the relevant period. (#32, Ex. C-1 at 3; #38, Ex. B-2 at 27). Defendant supports her position by noting the above responses to Plaintiff's grievances, as well as the following:

- The grievance was date-stamped January 7, 2011 (see #60 at 4, n.2)
- Even if the grievance was held for one year before date-stamping it received, Plaintiff has not shown that Defendant was on notice of the grievance until it was date-stamped (see #60 at 4, n.2)
- The chronological grievance numbering means that this grievance was filed in 2011[1] (see #60 at 4, n.2)

III. Legal Standards

A. Summary Judgment

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials of the record show that there is no genuine issue of

---

[1] The Court acknowledges that tampering could make this numbering unreliable, but no claims have been made that the numbers are unreliable in any way.

2

material fact and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once that burden is met, it then shifts to the nonmoving party to set forth specific facts demonstrating that a genuine issue exists. See Matsushita, 475 U.S. at 587; FED. R. CIV. P. 56(e). If the nonmoving party fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.

B. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment protects prisoners against "unnecessary and wanton infliction of pain" such as that caused by "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citing Gregg v. Georgia, 428 U.S. 153, 172 (1976) (joint opinion)). This analysis is two-pronged. First, the Plaintiff must "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Second, the Plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

IV. Analysis

Turning to the first prong, it is unclear whether Plaintiff has a "serious" medical need.

Plaintiff's sole allegation in this regard is ongoing pain (#48 at 16-17). The facts before the Court are insufficient to determine whether the amount and type of pain associated with the cyst are sufficient under the standard articulated above. Accordingly, summary judgment may not be granted for Defendant on this ground.[2]

Turning to the second prong, there does not appear to be any genuine dispute regarding deliberate indifference. It is undisputed that Plaintiff received care from Defendant relating to his cyst throughout the period in question. This fact alone demonstrates that Defendant did not "fail[] to respond to a prisoner's pain or possible medical need." Further, the date-stamp indicates that the grievance was received in January of 2011 (#32, Ex. 5 at 2). Even if someone held the grievance for a year prior to date-stamping it "received," no allegation has been made that Defendant was or should have been on notice of the grievance prior to that date. Further, the chronology of the grievance numbers indicates that the grievance was filed in 2011, and not in 2010. Accordingly, the Court finds that there is no genuine dispute of material fact regarding this prong. Defendant Adams was not deliberately indifferent to Plaintiff's medical needs.

V. Conclusion

Accordingly, the Court **HEREBY GRANTS** Defendant Adam's Motion for Summary Judgment (#60). Judgment has now been entered by this Court in favor of Defendants on all claims; this case is **HEREBY CLOSED**.

DATED this 8th day of July 2014.

_____
Kent J. Dawson
United States District Judge

---

[2] Defendant states that the Court "has already determined that Plaintiff did not have a serious medical need . . . ." (#60 at 3). This wishful reading of the Court's order is incorrect.

4